```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SALOMON OROPEZA,<br><br>                    Plaintiff,<br><br>-against-<br><br>MADE IN MEXICO UPTOWN CORP. and ISMAEL BOURDIER,<br><br>                    Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/6/2025<br><br>1:24-cv-2236 (MKV)<br><br>**ORDER DENYING MOTION<br>FOR DEFAULT JUDGMENT<br>AND IMPOSING<br>SANCTIONS ON COUNSEL** |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff initiated this action by filing a complaint in March 2024 asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") [ECF No. 1]. Plaintiff thereafter filed proof of service, but neither defendant appeared, and Plaintiff took no action to prosecute this case. As such, in June 2024, the Court issued an Order To Show Cause why this case should not be dismissed for failure to prosecute [ECF No. 8 ("First OTSC")]. In the First OTSC, the Court directed Plaintiff's counsel to "explain why the Court should not impose sanctions on her, instead of imposing the harsher sanction of dismissing Plaintiff's case." First OTSC at 1 (citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). In response, Plaintiff's counsel filed a letter promising to "promptly file a motion for default judgment to advance this case" and "adhere strictly to all deadlines and procedural requirements" going forward [ECF No. 9].

Plaintiff's counsel failed to correct her dilatory conduct, however. For more than a month after promising to promptly seek a default judgment, Plaintiff's counsel took no action to prosecute this case. As such, in July 2024, the Court issued a second Order To Show Cause why this case should not be dismissed for failure to prosecute [ECF No. 11 ("Second OTSC")]. In the Second OTSC, the Court again expressly warned Plaintiff's counsel that she personally might face sanctions.

Thereafter, Plaintiff obtained a certificate of default and filed a motion for a default judgment. The motion consists of a memorandum of law [ECF No. 16 ("Mem.")], the affidavit of Plaintiff's counsel

[ECF No. 16-1 ("Counsel Aff.")], Plaintiff's affidavit [ECF No. 2 ("Pl. Aff.")], and a proposed judgment [ECF No. 16-3]. The Court held a hearing on January 6, 2025, at which only Plaintiff's counsel appeared. As the Court stated on the record at the hearing, Plaintiff's motion for a default judgment is DENIED, without prejudice, because the motion is grossly deficient in several respects, and the Court is sanctioning counsel in the amount of $500.

      The Second Circuit has instructed that "a default judgment cannot be entered until the amount of damages has been ascertained." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993). Moreover, any award of damages must be established to a "reasonable certainty" based on admissible evidence. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Plaintiff, however, failed to submit competent evidence of key information necessary to ascertain damages. In particular, Plaintiff's Affidavit nowhere states his regular rate of pay for the principal period of his employment for which he seeks unpaid overtime wages, March 16, 2018 until December 31, 2022. *See* Pl. Aff. ¶ 9. The Court cannot calculate damages for unpaid overtime wages without evidence of the regular rate of pay. *See* 12 NYCRR § 142–2.2; *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 676–77 (S.D.N.Y. 2011). Moreover, both the memorandum of law in support of the motion for a default judgment and counsel's affidavit directly contradict Plaintiff's own affidavit as to the number of hours Plaintiff worked during that period. *Compare* Mem. at 9–10, *and* Counsel Aff. ¶¶ 7, 30 ("from 2018 to 2022, he worked fifty-two (52) hours per week"), *with* Pl. Aff. ¶ 9 ("From March 16, 2018 until December 31, 2022, I typically worked Monday through Saturday, from 4:00 P.M. until 12:00 A.M. for forty-eight (48) hours per week"). Plaintiff's motion also repeatedly cites a damages chart that counsel simply did not submit. *See* Mem. at 15; Counsel Aff. ¶¶ 23, 33, 36, 36(a), 36(e), 36(f), 37, 39; Pl. Aff. ¶ 2.

      Plaintiff's counsel also requests $7,160.00 in attorney's fees and $570.00 in costs. Counsel Aff. ¶ 47. However, counsel submitted no documentation in support of her request. She asserts in her affidavit that she submitted as an exhibit to the motion "[her] complete contemporaneous details time/billing file for this matter," but counsel did not submit any such exhibit. Counsel Aff. ¶ 45. In all events, the Court

is highly skeptical of counsel's fee request given her extreme lack of diligence and failure to meet basic professional standards in prosecuting this case.

Relatedly, the Court is imposing on counsel sanctions in the amount of $500, which she must pay to the Clerk of Court by January 21, 2025. The Court finds that sanctions on counsel are warranted based on counsel's pattern of neglecting her professional obligations in this case. Specifically, counsel allowed this case to languish, instead of diligently prosecuting Plaintiff's case in accordance with the Federal Rules of Civil Procedure, until after the Court issued two Orders To Show Cause. As set forth above, in response to the First OTSC, counsel represented that she would promptly seek a default judgment [ECF No. 9]. However, even though the Court had already threatened to impose sanctions, counsel still failed to take any action to prosecute this case until after the Court issued the Second OTSC. Although counsel eventually filed a motion for a default judgment after the Court issued the Second OTSC, she filed a grossly deficient motion that omitted competent evidence of crucial information and repeatedly cited exhibits that counsel simply did not submit. The filing of a default judgment motion that the Court cannot not possibly grant does nothing to move this case towards resolution. The Court issued several orders that "indisputably gave notice" to counsel that she might be sanctioned for "future transgressions." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013); *see* First OTSC; Second OTSC; ECF No. 18. Yet, despite the Court's warnings, counsel failed to take appropriate action to prosecute this case.

The Court presides over hundreds of cases and has "an obligation" not to waste undue judicial resources prompting an attorney to fulfill her basic professional responsibilities in prosecuting one case on the Court's docket. *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 280 (2d Cir. 2021). The Court also has an obligation to consider sanctions "less drastic than dismissal" in the face of noncompliance and a failure to prosecute. *Baptiste*, 768 F.3d at 216. As such, in lieu of dismissing this case at this stage, the Court is imposing monetary sanctions on counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a default judgment [ECF No. 16] is DENIED without prejudice. Any renewed motion must be filed by January 13, 2025. Any such

renewed motion must comply in every particular with all applicable legal and procedural rules. **This is Plaintiff's final warning. Failure to file a proper motion for a default judgment by January 13, 2025 will result in dismissal with prejudice for failure to prosecute.**

      IT IS FURTHER ORDERED that the Court is sanctioning counsel in the amount of $500, which she must pay to the Clerk of Court by January 21, 2025.

      **Plaintiff and counsel remain on notice that failure to comply with court orders, to comply with all applicable rules and professional obligations, and to move this case expeditiously towards resolution will result in further sanctions, which may include monetary sanctions, preclusion of claims and evidence, and dismissal with prejudice for failure to prosecute.**

      The Clerk of Court respectfully is requested to terminate the motion at docket entry 16.

**SO ORDERED.**

**Date: January 6, 2025**
**New York, NY**

_/s/ Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**