UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/2025
```

SALOMON OROPEZA,

                Plaintiff,

-against-

MADE IN MEXICO UPTOWN CORP. and
ISMAEL BOURDIER,

                Defendants.

1:24-cv-2236 (MKV)

**THIRD ORDER TO SHOW CAUSE
AND
ORDER DENYING MOTION
FOR DEFAULT JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

    In an Order dated June 3, 2025, the Court granted Plaintiff's second request to adjourn the hearing on Plaintiff's renewed motion for a default judgment [ECF No. 30 (the "June 3 Order")]. In the June 3 Order, the Court directed Plaintiff to "personally serve Defendants" with court orders regarding the hearing and to "file proof of [such] service by June 9, 2025." June 3 Order. The Court expressly warned Plaintiff that "[f]ailure to comply" might "result in sanctions, including dismissal for failure to prosecute." *Id*. Plaintiff, however, flouted the June 3 Order.

    The Court has issued two prior Orders To Show Cause why this case should not be dismissed for failure to prosecute and comply with court orders [ECF Nos. 8 ("OTSC"), 11 ("Second OTSC")]. The Court also previously denied, without prejudice, an earlier motion for a default judgment and imposed monetary sanctions on counsel because she had submitted a "grossly deficient" motion and engaged in a pattern of "dilatory conduct" [ECF No. 20]. The Court has also repeatedly warned Plaintiff and counsel of the potential for further sanctions [ECF Nos. 24, 26, 30]. Yet Plaintiff has now failed to comply with yet another court order.

    Accordingly, IT IS HEREBY ORDERED that, by noon on June 12, 2024, Plaintiff shall file a letter showing cause why this case should not be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff's counsel shall explain why the Court should not impose further sanctions on her instead of dismissing this case. *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d

Cir. 2014). Plaintiff personally is on notice that he is ultimately responsible for prosecuting his case, which may be dismissed because of his chosen counsel's failures to prosecute and to comply with court orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962). Plaintiff's counsel must inform him of this Third Order To Show Cause.

IT IS FURTHER ORDERED that Plaintiff's renewed motion for a default judgment is DENIED without prejudice. The hearing that was scheduled for June 20, 2025 (after being rescheduled twice to accommodate Plaintiff's counsel's schedule) is ADJOURNED *sine die*.

**Plaintiff and counsel remain on notice that failure to comply with court orders, to comply with all applicable rules and professional obligations, and to move this case expeditiously towards resolution will result in further sanctions, which may include: monetary sanctions on counsel and Plaintiff; preclusion of claims, evidence, and motion practice; and dismissal with prejudice for failure to prosecute.**

The Clerk of Court respectfully is requested to terminate the motion pending at ECF No. 21.

**SO ORDERED.**

**Date: June 10, 2025**
**New York, NY**

_/s/ Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**